3:23 cv-557-TJCLLL

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: Middle | |
|---|---|---|---|
| Name (under which you were convicted): Charles R. Patterson | | | Docket or Case No.: |
| Place of Confinement: Wakulla Correctional Institution Annex | | Prisoner No.: G11594 | |
| Petitioner (include the name under which you were convicted) Charles R. Patterson | v. | Respondent (authorized person having custody of petitioner) Ricky D. Dixon | |
| The Attorney General of the State of: Florida | | | |

FILED
5.10.2023
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**PETITION**

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Third Judicial Circuit Court in and for Suwannee County, Florida

(b) Criminal docket or case number (if you know):  61-2017-111-CF

2.   (a) Date of the judgment of conviction (if you know):  February 24, 2020

(b) Date of sentencing:  February 24, 2020

3.   Length of sentence:  Thirty (30) Years in FDOC Custody

4.   In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.   Identify all crimes of which you were convicted and sentenced in this case:  Trafficking in Controlled Substance, Florida Statute 893.135

6.   (a) What was your plea? (Check one)

☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

☒ (2)  Guilty            ☐ (4)  Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:    N/A

(b) Docket or case number (if you know):    N/A

(c) Result:    N/A

(d) Date of result (if you know):    N/A

(e) Citation to the case (if you know):    N/A

(f) Grounds raised:    N/A

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Result:    N/A

AO 241 (Rev. 09/17)

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Third Judicial Circuit Court, Suwannee County

(2) Docket or case number (if you know): 2017-111-CF

(3) Date of filing (if you know): March 9, 2020

(4) Nature of the proceeding: Motion to Withdraw Plea

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):     December  20,  2021

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     N/A

(2) Docket or case number (if you know):     N/A

(3) Date of filing (if you know):     N/A

(4) Nature of the proceeding:     N/A

(5) Grounds raised:     N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result:     N/A

(8) Date of result (if you know):     N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:     N/A

(2) Docket or case number (if you know):     N/A

(3) Date of filing (if you know):     N/A

(4) Nature of the proceeding:     N/A

(5) Grounds raised:     N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

◻ Yes    ◻ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒ Yes    ◻ No

(2) Second petition:    ◻ Yes    ☒ No

(3) Third petition:    ◻ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _Guilty Plea Involuntarily Entered_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner entered an involuntary guilty plea. Petitioner's guilty plea was involuntarily entered because it was an unintelligent decision based on the misadvice of his defense counsel, Attorney Karen Hatton. Defense counsel failed to properly advise Petitioner regarding the law in relation to (Continued on Page 6A)

(b) If you did not exhaust your state remedies on Ground One, explain why: _____ N/A _____

Ground One Supporting Facts Continued:
the facts of his case by failing to advise
him of elements of joint possession, actual
possession, and constructive possession. Defense
counsel also failed to advise Petitioner that
there was no legal basis for vicarious
possession when one defendant is in actual
possession and claims exclusive knowledge of
the presence of the substance. Instead, defense
counsel misled Petitioner into believing that
he had no viable defense. Defense counsel
convinced Petitioner that his mere presence
during the traffic stop when the drugs were
found was tantamount to guilt. It was this
misapprehension that induced Petitioner to
enter his guilty plea. However, Petitioner did
have a viable defense for trial.

        As revealed by the evidence presented
at his sentencing hearing, the drugs Petitioner
was convicted of were found in the
possession of Petitioner's co-defendant during
a search of the co-defendant's person.
Furthermore, Petitioner's co-defendant admitted
that the drugs belonged to her and not the
Petitioner. Additionally, Petitioner denied any
ownership of the drugs. However, because
defense counsel failed to inform Petitioner
that he could not legally be guilty where
the drugs were found in the possession of
his co-defendant, he entered a guilty plea.

                                                    6A

Ground One Supporting Facts Continued:

    Therefore, where Petitioner's guilty plea was the product of defense counsel's misadvice, Petitioner's guilty plea was entered involuntarily.

6B

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____N/A_____

**GROUND TWO:** _____Defense Counsel Misadvised Petitioner To Reject Favorable Plea_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner received misadvice from his defense counsel, Attorney Karen Hatton, when she advised Petitioner to reject a favorable plea offer of 8-years from the prosecution. That misadvice renders Petitioner's guilty plea involuntary.

Petitioner had been offerred an 8-year plea bargain by the prosecution. Following the advice of his defense counsel, Petitioner rejected (Continued on Page 8A)

(Continued on Page 8A)

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____N/A_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒ Yes        ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____N/A_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed: _____N/A_____

Docket or case number (if you know): _____N/A_____

Ground Two Supporting Facts Continued:
that plea offer. Instead, defense counsel advised
Petitioner to enter an open plea. Petitioner was
informed by counsel that if he entered an
open plea, the sentencing judge would impose
a more lenient sentence than the eight years
offered by the prosecution. Furthermore,
defense counsel failed to advise Petitioner
that an open plea would subject him to a
30-year sentence, and instead led him to
believe that the trial court would impose
a sentence of less than eight years.
      Without defense counsel's misadvice,
Petitioner would have accepted the
prosecution's plea offer of 8-years. He
would not have entered an open plea
as suggested to him by defense counsel
and subjected himself to a sentence of
30-years. The 8-year plea offer was a
more favorable plea deal and would have
resulted in a lesser sentence than Petitioner
received. Defense counsel's misadvice to
Petitioner caused him to reject and thereby
forgo the prosecution's favorable plea
offer of 8-years, thus resulting in entry
of an involuntary guilty plea.

8A

AO 241 (Rev. 09/17)

Date of the court's decision:    _N/A_

Result (attach a copy of the court's opinion or order, if available):    _N/A_

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    _N/A_

Docket or case number (if you know):    _N/A_

Date of the court's decision:    _N/A_

Result (attach a copy of the court's opinion or order, if available):    _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :    _N/A_

**GROUND THREE:**    _N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N/A_

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:    N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:**    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒ Yes    ☐  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:    N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐  Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐  Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    N/A

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:    Karen   Hatton,  Esq.;  Hatton  Law,  P.A.;  Post
Office  Box  446;  Mayo,  FL  32066.

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:    Deanna   K.  Marshall, PA

P.O. Box  1058  Riverview, FL  33568

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?         ☐  Yes    ☒  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?         ☐  Yes    ☒  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241 (Rev. 09/17)

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Grant an evidentiary hearing and set aside and vacate Petitioner's guilty plea,

or any other relief to which petitioner may be entitled.


_____Chals R. Pathu_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    5-3-23    (month, date, year).


Executed (signed) on    5-2-23    (date).


_____Chals R. Pathu_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

N/A